**The CITY OF DALLAS, Appellant**

v.

**Jesus Mario LOPEZ, Appellee.**

No. 05–05–00448–CV.

Court of Appeals of Texas, Dallas.

Dec. 21, 2005.

Barbara E. Rosenberg, Asst. City Atty., John L. Anderson, James B. Pinson, Peter B. Haskel, City Attorney's Office, Dallas, for Appellant.

Robert C. Hinton, Jr., Robert Hinton & Associates, Dallas, for Appellee.

William T. Hill, Jr., Appellate Div., Dallas, for State.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice FRANCIS.

The City of Dallas appeals the trial court's order granting Jesus Mario Lopez's writ of habeas corpus ordering the City to pay $967,534 to Lopez and his attorney. In five issues, the City contends the trial court lacked subject matter jurisdiction or legal authority to grant the writ of habeas corpus, erred in ordering the money returned only to Lopez and his attorney, and abused its discretion by failing to grant the City's request for a continuance. Because we conclude the trial court erred in granting the writ of habeas corpus, we vacate the order requiring the City to pay $967,534 to Lopez and his attorney and we dismiss the case.

On January 21, 2005, a magistrate issued a search warrant authorizing the search and seizure of drugs at 2679 W. Davis in Dallas. In executing the warrant that same day, Dallas police officers recovered seven kilograms of cocaine, weapons, body armor, and $967,534. Ten days later, the same magistrate ordered the currency transferred pursuant to article 59.03(c) of the Texas Code of Criminal Procedure to the Drug Enforcement Agency for initiation of forfeiture proceedings in accordance with federal law. That same day, the City sent Lopez notice of the transfer of the currency from state to federal custody.

Ultimately, Lopez was indicted for possession with intent to deliver cocaine in an

amount of 400 grams or more. The DEA sent Lopez notice of seizure and forfeiture proceedings and gave him time to file a claim with the DEA for return of the money. Lopez did not file a claim with the DEA. Instead, he filed a document entitled "Writ of Habeas Corpus" in the 283rd Judicial District Court.

At the writ hearing, Lopez essentially argued the City could not lawfully transfer money seized by Dallas police to the federal authorities for forfeiture proceedings without allowing the owner of the money to participate in the decision to transfer. Lopez asserted such action violated articles 59.02 and 59.03 of the code of criminal procedure, violated his state and federal constitutional rights, and was "just a sham where the City is attempting to circumvent the State forfeiture laws by purporting to just launder this through the Federal Government." Finally, Lopez asserted the federal government did not have the authority to "adopt" property from a city absent a "State order" releasing jurisdiction.

The trial judge granted Lopez's writ and signed a document entitled "Order Granting Writ of Habeas Corpus." The order provided that "the City's purported 'Transfer' of Defendant/Claimant's currency to the DEA is SET ASIDE as invalid and void" and ordered the City to deliver "to Defendant/Claimant's Counsel a valid check payable to Defendant/Claimant and his counsel in the amount of the actual amount of currency seized, not less than $967,534 not later than April 4, 2005."

On appeal, the City argues the trial court was without jurisdiction or authority to grant the writ of habeas corpus and order the money returned because a writ of habeas corpus is the remedy for a person whose liberty is being restrained in some manner. Lopez counters that this Court should disregard the title of the document filed, presented, and argued to the Court—"Writ of Habeas Corpus"—and argues we should not be confined to the context of a writ when analyzing this case. Because all arguments in the trial court on the matter were couched in terms of a writ of habeas corpus and the order signed by the trial court is specifically addressed to a writ of habeas corpus motion, we decline to re-characterize the nature of the proceedings on appeal.

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." Tex.Code Crim. Proc. Ann. art. 11.01 (Vernon 2005). The Texas habeas corpus statute extends to cases involving "confinement and restraint." Tex.Code Crim. Proc. Ann. art. 11.23 (Vernon 2005). It is an order that is directed to one having a *person* in restraint.

In contrast, Lopez's writ of habeas corpus asked for the return of *money*. The trial court's order dealt only with the return of money. Because the request did not concern the restraint of the person of Lopez, the trial court erred in granting the writ, much less granting the writ and ordering the return or payment of money.

We conclude the trial court erred in granting the writ of habeas corpus and ordering the City to return to Lopez and his attorney the $967,534 in currency seized during the execution of the search warrant. Finding this error dispositive of this appeal, we do not need to address the City's remaining issues. *See* Tex.R.App. P. 47.1. Accordingly, we vacate the trial court's order and dismiss the case. *See* Tex.R.App. P. 43.2(e).